

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re Bally Total Fitness Securities Litigation    :    Case No. 04 C 3530

## ORDER PRELIMINARILY APPROVING
## SETTLEMENT AND FORM AND MANNER OF NOTICE

WHEREAS, on May 20, 2004, the first of several securities fraud class actions was filed

against Bally Total Fitness Holding Corp. ("Bally"), Bally's former CEO Paul A. Toback

("Toback"), Bally's former CEO Lee S. Hillman ("Hillman"), and Bally's former CFO John W.

Dwyer ("Dwyer") in this Court;

WHEREAS, on September 8, 2004, the Court consolidated the pending cases into the

above-captioned case;

WHEREAS, on March 15, 2005, the Court appointed Cosmos Investment Co., LLC

("Cosmos") as Lead Plaintiff,[1] and on May 23, 2005, the Court approved Cosmos' selection of

Berger & Montague, P.C. as Lead Counsel;

---

[1]  Cosmos was dissolved in December 2009 for reasons unrelated to this Litigation. As
noted in the Amended Consolidated Class Action Complaint at para. 37, Cosmos was an
"investment vehicle through which Dr. Lokesh Sharma makes investments on behalf of himself,
his wife, and his parents." He and his family were the sole beneficiaries of Cosmos' investment
activity, including its investments in Bally stock. Dr. Sharma has acted as Cosmos'
representative for purposes of this Litigation throughout the Litigation. He was Cosmos' primary
successor-in-interest upon its dissolution. Dr. Sharma will continue to represent the Class for
purposes of the Settlement, and it is hereby ordered that Dr. Sharma is substituted as the Lead
Plaintiff.

WHEREAS, On January 3, 2006, Lead Plaintiff filed a Consolidated Class Action Complaint ("Complaint") asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 on behalf of all those who purchased or otherwise acquired the securities of Bally between August 3, 1999 and April 28, 2004, inclusive, and who were damaged thereby;

WHEREAS, on February 24, 2006, Defendants moved to dismiss the Complaint;

WHEREAS, on July 12, 2006, the Court issued a Memorandum Opinion granting Defendants' motions to dismiss as to all claims, without prejudice, for failure to sufficiently plead that Defendants acted with scienter (intent to defraud);

WHEREAS, on August 14, 2006, Lead Plaintiff filed an Amended Consolidated Class Action Complaint ("Amended Complaint");

WHEREAS, on September 28, 2006, Defendants moved to dismiss the Amended Complaint;

WHEREAS, on February 20, 2007, the Court issued a Memorandum Opinion granting Defendants' motions to dismiss as to all claims, with prejudice, for failure to sufficiently plead, again, that Defendants acted with scienter;

WHEREAS, on March 22, 2007, Lead Plaintiff filed a Notice of Appeal with the U.S. Court of Appeals for the Seventh Circuit, in an appeal captioned *Cosmos Investment Co., LLC v. Bally Total Fitness Holding* Corp., *et al.*, No. 07-1646;

WHEREAS, on October 28, 2009, with the assistance of a mediator from the Seventh Circuit Court of Appeals, the Lead Plaintiff, Individual Defendants, and E&Y reached an agreement in principle to settle the class action for $2 million ("Settlement"). The terms and

2

conditions of the Settlement are more fully contained in the Stipulation of Settlement ("Stipulation") dated June 29, 2010;

WHEREAS, Lead Counsel and Defendants' Counsel have represented that they, on behalf of the Parties, have engaged in substantial arm's length negotiations in an effort to resolve all claims that have been or could be asserted in the Litigation, including conducting mediations with the assistance of third party mediators;

WHEREAS, Lead Counsel have represented that they carefully considered and evaluated, among other things, the procedural posture of the Litigation, the relevant legal authorities and evidence to support the claims asserted against Defendants, and the likelihood of prevailing on those claims in the Court of Appeals and any subsequent District Court proceedings including trial, and have concluded that the proposed Settlement is in the best interests of Lead Plaintiff and the Settlement Class;

WHEREAS, Defendants have denied and continue to deny that they have liability as a result of any and all allegations asserted in the Litigation, and are entering into the Settlement to eliminate the burden, distraction, expense, and uncertainty of further litigation;

WHEREAS, the Parties and their counsel believe that the terms and conditions in the Stipulation are fair, reasonable, and adequate; and

WHEREAS, the Parties have submitted the Stipulation to the Court for approval.

Based upon the Stipulation and its exhibits, the written and oral submissions by the Parties, and all prior papers and proceedings herein, and good cause appearing,

**IT IS HEREBY ORDERED**:

3

1.       The Court, for purposes of this Order, adopts all defined terms as set forth in the Stipulation.

2.       Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily approves the Stipulation, and the Settlement set forth therein, subject to further consideration thereof at the Final Settlement Hearing.

3.       Pursuant to Fed. R. Civ. P. 23(b)(3), and for the purposes of the Settlement only, this Litigation is hereby certified as a class action on behalf of all persons or entities that purchased or otherwise acquired the common stock of Bally between August 3, 1999 and April 28, 2004, inclusive (the "Settlement Class"). Excluded from the Settlement Class are Defendants, Bally, and the officers and directors of Bally during the Class Period, members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants or Bally have or had a controlling interest.

4.       The Court finds that, for purposes of settlement only, the prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied. Specifically, the Court finds that: (a) Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members, (e) questions of law and fact common to Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of Settlement Class

4

Members in individually controlling the litigation of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5.    The Court approves as to form and content, and for distribution to Settlement Class Members, the following documents, which shall be substantially in the form of Exhibits 1, 2, 3, and 4 hereto, respectively:

> a.    Notice of: (1) Pendency and Proposed Settlement of Class Action; (2) Motion for Attorneys' Fees and Expenses; and (3) Court Hearing (the "Settlement Notice");

> b.    Proof of Claim and Release form (the "Proof of Claim");

> c.    Summary Notice of: (1) Pendency and Proposed Settlement of Class Action; (2) Motion for Attorneys' Fees and Expenses; and (3) Court Hearing (the "Summary Notice"); and

> d.    Postcard Notice.

6.    Following entry of this Order, within thirty (30) days thereafter (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice to be sent to brokerage firms and other nominees ("Nominees") who can be identified with reasonable effort as holding or having held Bally common stock for the benefit of a Settlement Class Member. The Claims Administrator shall instruct the Nominees to either send the Postcard Notice to such Settlement Class Members promptly after receipt thereof, or send a list of the names and addresses of such Settlement Class Members to the Claims Administrator, in which event the

Claims Administrator promptly shall mail the Postcard Notice to such beneficial owners. Reasonable and actual out-of-pocket expenses incurred by Nominees as a result of this Order shall be reimbursed as provided in the Settlement Notice.

7.     Within fourteen (14) days of the Notice Date, the Claims Administrator shall send the Postcard Notice to institutional shareholders that can be identified with reasonable effort as holding or having held Bally common stock during the Class Period.

8.     Within fourteen (14) days of the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in *The Wall Street Journal*.

9.     Within fourteen (14) days of the Notice Date, Lead Counsel or the Claims Administrator shall issue a nationwide press release consisting primarily or exclusively of the information contained in the Summary Notice.

10.    On or before the Notice Date, the Claims Administrator shall cause the Settlement Notice, Proof of Claim, Stipulation of Settlement, and any other relevant documents to be made available at www.bally.hrsclaims.com, a website dedicated solely to the Bally settlement and available to the general public.

11.    The Claims Administrator shall mail or otherwise distribute the full-length Settlement Notice and Proof of Claim to any Settlement Class Members who request copies of the Settlement Notice and Proof of Claim in response to the Postcard Notice, published Summary Notice, press release, or other means.

12.    The Court finds that notice in the manner required above constitutes the best notice practicable and meets the requirements of Fed. R. Civ. P. 23(e)(1), the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), and due process under the U.S. Constitution,

and shall constitute due and sufficient notice to all Settlement Class Members entitled thereto of the proposed Settlement and of the Final Settlement Hearing.

13. Any Person falling within the definition of the Settlement Class who desires to request exclusion from the Settlement Class shall do so in the manner described in the Settlement Notice. Unless the Court orders otherwise, no request for exclusion shall be valid unless it is postmarked on or before the sixtieth (60th) day following the Notice Date, or such other date as may be set by the Court.

14. Any Settlement Class Member shall have a right to appear and be heard at the Final Settlement Hearing. Any Settlement Class Member may enter an appearance personally or through counsel of such Settlement Class Member's own choosing and at such Settlement Class Member's own expense by filing a Notice of Appearance with the Court and serving Lead Counsel and Defendants' Counsel as provided in the Settlement Notice. If they do not enter an appearance, they will be represented by Lead Counsel. No opposition by a Settlement Class Member to the Settlement, Plan of Allocation, or Fee Award and Expense Reimbursement Application shall be heard at the Final Settlement Hearing unless such Settlement Class Member has filed with the Court and served by U.S. mail on Lead Counsel and Defendants' Counsel on or before the sixtieth (60th) day following the Notice Date, or such other date as may be set by the Court, a written notice of objection, the grounds for objection, and proof that the objector is a Settlement Class Member, as provided in the Settlement Notice. Only Settlement Class Members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Final Settlement Hearing. Any Settlement Class Member who does not timely file and serve a valid written objection shall be deemed to have waived, and shall be

7

foreclosed from raising, any objection to the Settlement, Plan of Allocation, and Fee Award and Expense Reimbursement Application, unless otherwise ordered by the Court.

15.     All Settlement Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including but not limited to the Releases provided for therein, whether favorable or unfavorable to the Class.

16.     Settlement Class Members who wish to participate in the Settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be submitted no later than 120 days from the Notice Date. Any Settlement Class Member who does not timely submit a Proof of Claim shall be barred from sharing in the distribution of the Net Settlement Fund unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept late claims for processing, so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

17.     A Final Settlement Hearing will be held on November 18, 2010, at 2:00 p.m., before this Court in Courtroom 2201, for the following purposes:

> a.     to determine whether the proposed Settlement as set forth in the Stipulation should be approved as fair, reasonable, and adequate in accordance with Fed. R. Civ. P. 23(e)(2);
>
> b.     to determine whether the final Judgment as provided under the Stipulation should be entered, dismissing the Amended Complaint filed in the Litigation with prejudice, and whether releases should be provided to the Released Parties, as defined in the Stipulation;

8

      c.      to determine whether the proposed Plan of Allocation should be approved;

      d.      to consider whether the application of Lead Counsel for an award of
attorneys' fees, reimbursement of expenses, and a Lead Plaintiff
reimbursement award should be approved; and

      e.      to rule upon such other matters as the Court may deem appropriate.

18.     No later than seven (7) days before the Final Settlement Hearing, all briefs supporting the Settlement and the Fee Award and Expense Reimbursement Application shall be filed and served.

19.     No Person that is not a Settlement Class Member or Lead Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

20.     The Settlement Fund and all parts thereof shall be deemed to be in *custodia legis* of the Court in accordance with the Stipulation, and shall remain subject to the jurisdiction of the Court, until such time as the funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

21.     The Court appoints the firm of Heffler, Radetich & Saitta LLP ("Claims Administrator") to supervise and administer the notice procedure and the processing of claims as set forth in the Stipulation.

22.     Neither the Stipulation nor any of the negotiations or proceedings connected with it shall be construed as an admission or concession by Defendants of the truth of any allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, or by Lead Plaintiff of the merit of any defense or lack of merit of any claim.

23.     Pursuant to the Stipulation, no actions will be taken by any Party other than with respect to the settlement. All proceedings in the Litigation are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiff nor any Settlement Class Member, either directly or indirectly as a representative or in any other capacity, shall commence or prosecute against any of the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims.

24.     All reasonable costs incurred in identifying and notifying Settlement Class Members, as well as in administering the Settlement Fund, shall be paid as set forth in the Stipulation. Any funds actually expended for these purposes shall not be required to be refunded by Lead Counsel, even if the Settlement is not approved or is otherwise terminated.

25.     The Court reserves the right to adjourn the date of the Final Settlement Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications as part of or connected with the proposed Settlement. The Court may approve the Settlement with such modification as may be agreed to by the Parties, if appropriate, without further notice to Settlement Class Members.

IT IS SO ORDERED.

DATED: August 23, 2010

BY THE COURT:

JOHN F. GRADY
United States District Judge

10

## EXHIBIT A-1

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

_____ :

In re Bally Total Fitness Securities Litigation    :          Case No. 04 C 3530

_____ :

## NOTICE OF: (1) PENDENCY AND SETTLEMENT OF CLASS ACTION; (2) MOTION FOR ATTORNEYS' FEES AND EXPENSES; AND (3) COURT HEARING

**Notice to all Persons Who Acquired Bally Total Fitness Holding Corp. (NYSE: BFT) Common Stock Between August 3, 1999 and April 28, 2004 (the Class Period):**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- The settlement resolves a lawsuit concerning whether Bally Total Fitness Holding Corp. ("Bally"), certain of its former officers, and its outside auditor Ernst & Young LLP, misled investors about Bally's financial statements, including its net income, revenues, and expenses. The defendants deny the allegations in the lawsuit. The parties disagree on the issues of liability and damage, but have nevertheless agreed to settle to avoid the risk and cost of continued litigation. *See* Question 4 below for more details.

- The settlement will provide **$2 million** in cash to pay claims from investors who suffered damages from acquiring Bally's common stock between August 3, 1999 and April 28, 2004. The settlement represents an average recovery of 6.5¢ per share, based on the Plan of Allocation and the estimated number of damaged shares purchased during the Class Period and still retained on the last day of the Class Period. This average is an estimate and is before deduction of any court approved attorneys' fees and expenses. *See* Question 8 below for more details.

- Attorneys for the Lead Plaintiff have expended considerable time and effort in the litigation of this case on a contingent fee basis, and have advanced the costs of litigation, in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery. Plaintiffs' Counsel intend to ask the court to award

1

them fees of 25% of the settlement, plus reimbursement of litigation expenses not to exceed $125,000. Plaintiffs' Counsel also intend to seek approval of a Lead Plaintiff reimbursement award totaling $2,500 to compensate Lead Plaintiff for its time and effort in litigating the case on behalf of the Class. Collectively, the attorneys' fees, expenses, and Lead Plaintiff reimbursement award are estimated to average 2¢ per damaged share. If approved by the court, these amounts will be paid from the Settlement Fund. In addition, expenses associated with notice and administration of the Settlement will be incurred in an amount not to exceed $75,000. Therefore, the approximate recovery, after deduction of attorneys' fees, expenses, the Lead Plaintiff reimbursement award, and notice and administration costs, is an average of 4.225¢ per share. This is an estimate. Your actual recovery, if any, may vary depending on the number of shares you held at the end of the Class Period and the aggregate number of Proof of Claim forms filed by other Class Members. *See* Question 8 below for more details.

• Your legal rights are affected whether you act or don't act. Read this notice carefully.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| SUBMIT A CLAIM FORM | The only way to receive a payment, provided you purchased your shares during the Class Period and still held shares on April 28, 2004. |
|---|---|
| EXCLUDE YOURSELF | Receive no payment. This is the only option that allows you to ever be part of any other lawsuit against the defendants about the legal claims in this case. |
| OBJECT BUT REMAIN IN THE SETTLEMENT | Write to the court about why you don't like the settlement. |
| GO TO A HEARING | The _____, 2010 hearing is open to the public. To speak in court in support of any objection you may have filed, you will need to give advance written notice to the court and the parties. |
| DO NOTHING | Receive no payment. Give up rights to pursue the defendants. |

• These rights and options - and the deadlines to exercise them - are explained in this notice.

• The court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the court approves the settlement and after any appeals are resolved and Class Members' claims are processed. Please be patient.

• Further information regarding this settlement may be obtained from the Claims

2

Administrator by calling 1-800-335-2852 or writing to: "Claims Administrator, Bally Total Fitness Securities Litig., Heffler, Radetich & Saitta, L.L.P., P.O. Box 58519, Philadelphia, PA 19102-8519."

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ........................................................................................... Page 4
1.   Why did I get this Notice package?
2.   What is this lawsuit about?
3.   Why is this a class action?
4.   Why is there a settlement?

**WHO IS IN THE SETTLEMENT** ................................................................. Page 6
5.   How do I know if I am part of the settlement?
6.   Are there exceptions to being included?
7.   I'm still not sure if I am included.

**THE SETTLEMENT BENEFITS – WHAT YOU GET** ................................................. Page 7
8.   What does the settlement provide?

**HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM** ............................. Page 8
9.   How can I get a payment?
10.  When would I receive my payment?
11.  What am I giving up to get a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ............................................. Page 10
12.  How do I get out of the settlement?
13.  If I do not exclude myself, can I sue Defendants for the same thing later?
14.  If I exclude myself, can I get money from this settlement?

**THE LAWYERS REPRESENTING YOU** ........................................................ Page 11
15.  Do I have a lawyer in this case?
16.  How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** ............................................................ Page 12
17.  How do I tell the court if I do not like the settlement?
18.  What is the difference between objecting and requesting exclusion?

**THE COURT'S FAIRNESS HEARING** ........................................................... Page 13
19.  When and where will the court decide whether to approve the settlement?

20. **Do I have to come to the hearing?**
21. **May I speak at the hearing?**

IF YOU DO NOTHING .................................................................................................. Page 13
22. **What happens if I do nothing at all?**

GETTING MORE INFORMATION............................................................................. Page 14
23. **How do I get more information about the Settlement?**

UNDERSTANDING YOUR PAYMENT – THE PLAN OF ALLOCATION ................. Page 14
SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES............. Page 17

## BASIC INFORMATION

### 1. Why did I get this Notice package?

You or someone in your family may have purchased shares of Bally common stock between August 3, 1999 and April 28, 2004. The court is the U. S. District Court for the Northern District of Illinois, and the case is known as *In re Bally Total Fitness Securities Litigation*, Civil Action No. 04 C 3530. Judge John F. Grady is in charge of this case. The party who sued on behalf of the Class is called the plaintiff ("Plaintiff"). Plaintiff sued three groups of defendants: (1) Bally; (2) Bally's former Chief Executive Officer Paul A. Toback ("Toback"), Bally's former Chief Executive Officer Lee S. Hillman ("Hillman"), and Bally's former Chief Financial Officer John W. Dwyer ("Dwyer") (collectively the "Individual Defendants"); and (3) Bally's auditor, Ernst & Young LLP. Bally is no longer a defendant due to its bankruptcy. The Individual Defendants and Ernst & Young are collectively referred to as "Defendants."

You received this Notice because you have a right to know about a proposed settlement and your options before the court decides whether to approve the settlement. If the court approves the settlement, then a Claims Administrator appointed by the court will process the claims received and distribute payments to Class Members. You can track the progress of the settlement by visiting: www.bally.hrsclaims.com.

This package explains the lawsuit, the settlement, your legal rights, the benefits available, who is eligible for benefits, and how to obtain them.

### 2. What is this lawsuit about?

The lawsuit alleges that Bally and the Individual Defendants reported false financial

4

results in publicly disseminated financial statements for nearly five years, leading to two separate restatements of Bally's financial statements. The lawsuit alleges that Bally and the Individual Defendants intentionally or recklessly overstated revenue and net income, understated expenses, misrepresented that Bally's financial statements were presented in accordance with Generally Accepted Accounting Principles (GAAP), and misrepresented that Bally's internal controls were effective and reliable. Further, the lawsuit alleges that Ernst & Young performed reckless audits and issued false audit opinions regarding Bally's financial statements. The lawsuit also claims that the false financial statements resulted in artificial inflation in the value of Bally's common stock price. Plaintiff alleges that shareholders who purchased Bally stock at inflated prices during the Class Period and held the stock until the end of the Class Period, April 28, 2004, were damaged. Defendants deny that they did anything wrong. As noted in Question 4, the Court dismissed the case for a lack of evidence that Defendants acted with intent to defraud. Plaintiff believed this decision was legally incorrect and appealed the dismissal. The parties reached a settlement while the appeal was pending.

## 3. Why is this a class action?

In a class action, one or more persons or entities sue on behalf of all persons or entities that have similar claims. All of these persons or entities are referred to as a Class, or individually, as Class Members. One court resolves all claims for all Class Members, except for any Class Members who exclude themselves from the Class. *See* Question 12 for details about excluding yourself from the Class.

## 4. Why is there a settlement?

The court dismissed the class action twice for Plaintiff's failure to sufficiently plead that Defendants acted with intent to defraud. Plaintiff then filed an appeal. However, while the appeal was pending, Plaintiff and Defendants agreed to settle the lawsuit. Plaintiff agreed to settle based on the perceived risks involved in the appeal and/or in a subsequent trial, and its conclusion that the settlement amount is reasonable under the circumstances and serves the best interests of the Class. In weighing the risks of continued litigation, Plaintiff considered the fact that, among other things: (i) the case had already been dismissed twice by the district court; (ii) an appeal was pending (statistically speaking, most appeals are unsuccessful); (iii) a key defendant – Bally – filed for bankruptcy and as a result was no longer a defendant; and (iv) insurance companies that provided coverage for the Individual Defendants were vigorously seeking to rescind the insurance contracts on grounds that inaccurate financial statements were incorporated into Bally's insurance applications. Plaintiff and Plaintiff's Counsel have determined that by settling, they avoid the cost and risks of the appeal or subsequent trial, while at the same time providing reasonable compensation to the Class.

5

Plaintiff and Defendants do not agree regarding the merits of Plaintiff's claims and the average amount of damages per share that would be recoverable if Plaintiff prevailed on the claims alleged. The primary issues on which the parties disagree include: (1) whether Defendants made false and misleading statements with the requisite intent to defraud; (2) whether the allegedly false statements were material or otherwise actionable under the federal securities laws; (3) the extent to which the various matters that Plaintiff alleged were false or misleading artificially inflated (if at all) the trading price of Bally stock during the Class Period; (4) the appropriate economic model for determining the amount by which Bally stock was artificially inflated (if at all) during the Class Period; and (5) the extent to which external factors, such as general market conditions, influenced the trading price of Bally stock during the Class Period.

While Plaintiff's Counsel were prepared to litigate the appeal and go to trial if necessary, and were confident in the merits of the case, they recognize that the appeal and a trial are fraught with risk and that they may not have prevailed on any claims. In addition, Plaintiff's Counsel believe that the proposed settlement provides a reasonable recovery to the Class and believe that they may not have obtained a greater recovery (due to difficulties proving and calculating damages) even if they won the appeal and prevailed at a subsequent trial. Throughout the litigation and settlement negotiations, Defendants continued to deny liability. Further, disputes regarding accounting issues and damages would be subject to complex expert testimony, and it would be difficult to predict which side's arguments would prevail with the jury. As a result, in a trial, the Class could have recovered nothing or less than the amount of the settlement. Further, even assuming that Plaintiff could have won at trial, any verdict would likely be the subject of an appeal, and the Class' recovery would have remained uncertain and been further delayed.

## WHO IS IN THE SETTLEMENT

To determine if you will receive money from this settlement, you first have to determine if you are a Class Member.

### 5.    How do I know if I am part of the settlement?

Class Members are defined as follows:

> All persons or entities that purchased or otherwise acquired the common stock of Bally between August 3, 1999 and April 28, 2004, inclusive.

Class Members who acquired Bally stock during this period and held any of those shares on April 28, 2004, the last day of the Class period, and who otherwise meet all of the

6

requirements of the Plan of Allocation set out on pages 14 to 17 of this notice, are entitled to receive a payment from the settlement.

## 6. Are there exceptions to being included?

Excluded from the Class are Defendants, Bally, and the officers and directors of Bally during the Class Period, members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which Defendants or Bally have or had a controlling interest.

Also, if you exclude yourself from the Class as described below (*see* Question 12), you are not a part of the Class.

If your mutual fund owns Bally stock, that alone does not make you a Class Member. You are a Class Member only if you purchased or otherwise acquired Bally stock on your own behalf.

## 7. I'm still not sure if I am included.

If you are still not sure whether you're included in the Class, you can ask for free help, by calling the Claims Administrator at 1-800-335-2852. Alternatively, you can fill out and return the Proof of Claim form attached to this Notice to see if you qualify.

# THE SETTLEMENT BENEFITS – WHAT YOU GET

## 8. What does the settlement provide?

The terms of the settlement are summarized below. The full settlement terms are contained in a Stipulation of Settlement ("Stipulation") dated _____, 2010. The parties' agreement, by itself, is not sufficient – for the settlement to be official, the proposed settlement requires court approval. You can obtain a copy of the Stipulation by visiting www.bally.hrsclaims.com or calling the Claims Administrator at 1-800-335-2852.

### a. What is the Settlement Fund?

The proposed settlement calls for Defendants to create a settlement fund in the amount of $2 million in cash. This $2 million has been deposited into an interest-bearing escrow account, the "Gross Settlement Fund." It is estimated that approximately 31 million shares of Bally common stock were purchased at artificially inflated prices during the

7

Class Period and held at the end of the Class Period. Thus, Class Counsel estimate that the $2 million recovery represents an average recovery of 6.5¢ per damaged share. This average recovery is only an estimate and can vary as explained below.

Subject to court approval, a portion of the Gross Settlement Fund also will be used to pay Plaintiff's attorneys' fees, reasonable litigation expenses, and a Lead Plaintiff reimbursement award. *See* Question 16 below for more details. A portion of the Gross Settlement Fund will be used to pay notice and claims administration expenses, as well as taxes due on interest earned by the Gross Settlement Fund. After these deductions have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Class Members who submit valid claims.

### b. What can you expect to receive under the proposed settlement?

Your share of the Net Settlement Fund will depend on: (1) the number of claims filed by other Class Members; (2) whether you sold your Bally stock during the Class Period or held your stock past the end of the Class Period; (3) the amount of notice and claims administration costs incurred; and (4) the amount awarded by the court for attorneys' fees, litigation expenses, and a Lead Plaintiff reimbursement award. By following the Plan of Allocation at the end of this notice, you can calculate your "Recognized Loss." The Claims Administrator will distribute the Net Settlement Fund, according to the Plan of Allocation, after the deadline for submission of Proof of Claim forms has passed and all claims have been processed. The percentage of the Recognized Loss that is distributed will be determined by dividing the total Recognized Losses of all Authorized Claimants by the Net Settlement Fund. *See* the Plan of Allocation below for more details.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

## 9. How can I get a payment?

To qualify for payment, you must file a Proof of Claim and Release form with the Claims Administrator. This form accompanies this Notice. You may also download a form at www.bally.hrsclaims.com or call the Claims Administrator at 1-800-335-2852. Read the instructions carefully, complete the form, sign it, include all necessary documentation, and mail it, postmarked no later than _____, 2010 to:

Claims Administrator
Bally Total Fitness Securities Litigation
Heffler, Radetich & Saitta LLP

8

P.O. Box 58519
Philadelphia, PA 19102-8519

The Claims Administrator will process your claim and advise you if you are an "Authorized Claimant" – meaning that your claim satisfies the requirements approved by the court.

**Please note, however, that under the Plan of Allocation set out on pages 14 to 17 below, only those shares that both: (1) were purchased during the Class Period, and (2) also were retained at the end of the Class Period on April 28, 2004 qualify for sharing in the Net Settlement Fund, assuming satisfaction of all other conditions in the Plan of Allocation. If you did not hold any shares of Bally stock after the close of trading on April 28, 2004, there is no reason for you to file a Proof of Claim form, although you will be subject to all other terms of the Settlement including the Release set out in response to Question 11 below.**

## 10. When would I receive my payment?

The court will hold a hearing on _____, 2010, to decide whether to approve the settlement. Even if the judge approves the settlement, there may be appeals that would delay implementation of the settlement. It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. After court approval and resolution of any appeals, the Claims Administrator will process the claim forms. Everyone who sends in a claim form will be informed of the approval or disapproval of their claim. Please be patient. You can also track the progress of the settlement by visiting www.bally.hrsclaims.com.

## 11. What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself (*see* Question 12), you will remain in the Class. That means that if the settlement is approved, you and all Class Members will release (*i.e.*, you can't sue, continue to sue, or be part of any other lawsuit) all "Released Claims" against the "Released Parties." Please see the definitions of the quoted terms below. It also means that all of the court's orders will apply to you and legally bind you. If you sign the claim form, you are agreeing to a release of claims as described on the claim form. But even if you do not sign the claim form, you will release all Released Claims against the Released Parties unless you take the requisite steps to exclude yourself from the Class.

"Released Claims" means any claims, demands, rights, liabilities, and causes of action, known or unknown (as defined below), asserted or that might have been asserted, by Lead Plaintiff or any Class Member against the Released Parties, arising out of, based upon, or in any way related to, directly or indirectly, their purchase of Bally stock during

9

the Class Period and/or any of the facts or circumstances alleged or that could have been alleged in the Amended Complaint.

"Released Parties" means Bally, Paul A. Toback, Lee S. Hillman, John W. Dwyer, and Ernst & Young LLP, and each of their past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, solicitors, advisors, investment advisors, auditors, accountants, associates, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which any Defendant has a controlling interest, any members of their immediate families, or any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member of any Defendant's family.

"Unknown Claims" means any and all Released Claims which Plaintiff or Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties, which, if known by him, her, or it might have affected his, her, or its decision with respect to the Stipulation. With respect to any and all Released Claims, the parties stipulate and agree that upon the Effective Date of the settlement, as defined in the Stipulation, Plaintiff and Defendants shall expressly, and each Class Member shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to receive a payment from this settlement, and you want to retain the right to sue or continue to sue Defendants on your own about the legal issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself from, or opting out of, the Class.

## 12.    How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter to the Claims Administrator by mail stating that you want to be excluded from *In re Bally Total Fitness Securities Litigation*, Case No. 04 C 3530. You must include your name, address, telephone number, and signature, along with evidence of your purchases and/or sales of

10

Bally stock to indicate your membership in the Class. You must mail your exclusion request postmarked no later than _____, 2010 to:

Claims Administrator
Bally Total Fitness Securities Litigation
Heffler, Radetich & Saitta LLP
P.O. Box 58519
Philadelphia, PA 19102-8519

You cannot exclude yourself over the phone or by e-mail. If you ask to be excluded, you will not receive a settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue or continue to sue Defendants in the future.

### 13. If I do not exclude myself, can I sue Defendants for the same thing later?

Unless you exclude yourself, you give up any right to sue Defendants or the Released Parties for the claims that this settlement resolves. If you have a pending lawsuit against Defendants or the Released Parties, speak to your lawyer in that case immediately. You must exclude yourself from this Class to continue your own lawsuit.

If you sue Defendants or the Released Parties for claims similar to those at issue in this case, your suit may be subject to some of the same risks identified in Question 4 above.

### 14. If I exclude myself, can I receive money from this settlement?

No. If you exclude yourself, do not send in a claim form to ask for money. But, you may be able to sue, continue to sue, or be part of a different lawsuit against Defendants.

## THE LAWYERS REPRESENTING YOU

### 15. Do I have a lawyer in this case?

The court approved the law firm of Berger & Montague, P.C. to represent you and the other Class Members in this case. The lawyers of this firm are called Plaintiff's Counsel or Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

Class Counsel has retained Heffler Radetich & Saitta, LLP ("Heffler") to be the Claims Administrator for the Settlement. Heffler has extensive experience serving as a claims

11

administrator in class action settlements such as this Settlement, having administered over 575 cases of varying size and complexity over the last 48 years. Heffler has worked on matters involving the distribution of over $3 billion in funds, and the management of more than 10,000,000 proof-of-claim forms with mailings to over 40,000,000 potential class members. Class Counsel believes the $75,000 estimate for notice and claims administration expenses to be quite reasonable given the size and complexity of the notice and claims administration program.

## 16. How will the lawyers be paid?

Plaintiff's Counsel have expended considerable time litigating this action on a contingent fee basis, and have advanced litigation expenses with the expectation that if they were successful in recovering money for the Class, they would receive fees and be reimbursed for their expenses from the Settlement Fund, as is customary in this type of litigation. Therefore, Plaintiff's Counsel will file a motion asking the court at the Final Fairness Hearing (*see* Question 19 below) to make an award of attorneys' fees in an amount of 25% of the Gross Settlement Fund and for reimbursement of litigation expenses in an amount not to exceed $125,000. Plaintiff's Counsel will also seek approval of a Lead Plaintiff reimbursement award totaling $2,500 as compensation to Lead Plaintiff for its time and effort in litigating the case on behalf of the Class. The requested fees, expenses, and Lead Plaintiff reimbursement award are estimated to be an average of 2¢ per damaged share. (These averages are estimates based on approximately 31 million shares of Bally common stock that are estimated to have been purchased at artificially inflated prices during the Class Period and held at the end of the Class Period.) The court may award less than these amounts. Any amounts awarded by the court will come out of the Gross Settlement Fund. In addition, expenses associated with notice and administration of the Settlement will be incurred in an amount not to exceed $75,000. Therefore, the approximate recovery, after deduction of attorneys' fees, expenses, the Lead Plaintiff reimbursement award, and notice and administration costs, is an average of 4.225¢ per share. This is an estimate.

## OBJECTING TO THE SETTLEMENT

You can tell the court that you do not agree with the settlement, any part of the settlement, the Plan of Allocation, or the motion for attorneys' fees and expenses.

## 17. How do I tell the court if I do not like the settlement?

If you are a Class Member, you can object to the settlement if you do not like any part of it. You can state why you think the court should not approve it. To object, you must send a letter stating that you object to the settlement in *In re Bally Total Fitness*

12

*Securities Litigation,* Case No. 04 C 3530. You must include your name, address, telephone number, and signature, along with evidence of your purchases and/or sales of Bally stock to indicate your membership in the Class, and the reason for your objection. You must mail your objection to the following three places, postmarked no later than _____, 2010.

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of Court U.S. District Court, Northern District of Illinois 219 South Dearborn Street Chicago, IL 60604 | Sherrie R. Savett, Esq. Berger & Montague, P.C. 1622 Locust Street Philadelphia, PA 19103 | Howard S. Suskin, Esq. Jenner & Block, LLP 353 N. Clark Street Chicago, IL 60654 |

## 18. What is the difference between objecting and requesting exclusion?

Objecting is simply telling the court you do not like something about the settlement. You can object only if you stay in the Class. Excluding yourself, or opting out, is telling the court you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

# THE COURT'S FAIRNESS HEARING

The court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak.

## 19. When and where will the court decide whether to approve the settlement?

The court will hold a Fairness Hearing at _____ a.m./p.m. on _____, 2010, at the U.S. District Court for the Northern District of Illinois, Courtroom 2201, 219 South Dearborn Street, Chicago, IL 60604. At this hearing Judge Grady will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Grady will listen to Class Members (or their counsel) who have submitted a written objection (Question 17) and written indication of their intent to speak at the hearing (Question 21). The court may also decide how much to pay Class Counsel for attorneys' fees and expenses. After the hearing, the court will decide whether to approve the settlement. We do not know how long these decisions will take.

13

**20.    Do I have to come to the hearing?**

No. Class Counsel will answer any questions Judge Grady may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to court to talk about it. As long as you mailed your objection on time, the court will consider it. You may also attend or pay your own lawyer to attend to speak in support of any objection you may have filed, but it is not necessary. You may do so as long as you have followed the instructions set forth in Question 21 below.

**21.    May I speak at the hearing?**

If you have submitted both a written objection to the settlement (Question 17) and a written indication of your intent to speak at the hearing, you (or your counsel) may speak at the Fairness Hearing in support of your objection. You cannot speak at the hearing if you exclude yourself from the settlement.

## IF YOU DO NOTHING

**22.    What happens if I do nothing at all?**

If you do nothing, you will not receive any money from this settlement. But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Released Parties about the legal issues in this case.

## GETTING MORE INFORMATION

**23.    How do I obtain more information about the Settlement?**

You can: (1) call the Claims Administrator at 1-800-335-2852; (2) visit the Claims Administrator's website at www.bally.hrsclaims.com, where you will find answers to common questions about the settlement, a claim form, plus other information; or (3) write to:

Claims Administrator
Bally Total Fitness Securities Litigation
Heffler, Radetich & Saitta LLP
P.O. Box 58519
Philadelphia, PA 19102-8519

## UNDERSTANDING YOUR PAYMENT – THE PLAN OF ALLOCATION

14

Questions? Call 1-800-335-2852 Toll Free, or Visit www.bally.hrsclaims.com.

**You do not need to make any of these calculations yourself. The Claims Administrator will make these calculations for you.**

1.      The Net Settlement Fund will be allocated among Authorized Claimants in accordance with this "Plan of Allocation." The amount allocated to each Authorized Claimant is referred to as the claimant's "Payable Claim." The Plan of Allocation is based on Class Counsel's assessment of the merits and relative strengths and weaknesses, including recoverable damages, of Class Members' claims. In developing the Plan of Allocation, Class Counsel has considered, among other things, the following:

(a)      The Class Period of nearly five years includes a period of volatility in both the market in general and the price of Bally stock in particular. Although the price of Bally stock generally trended downward in this period, for the reasons set out below much of this decline occurred before any corrective disclosure and may not be recoverable.

(b)      The complaint alleges that Bally and the Individual Defendants reported false financial results in publicly disseminated financial statements for nearly five years. The lawsuit alleges that Bally and the Individual Defendants intentionally or recklessly overstated revenue and net income, understated expenses, misrepresented that Bally's financial statements were presented in accordance with Generally Accepted Accounting Principles ("GAAP"), and misrepresented that Bally's internal controls were effective and reliable. Further, the lawsuit alleges that Ernst & Young performed reckless audits and issued false audit opinions regarding Bally's financial statements. Plaintiffs allege that the falsity of these statements, and the fact that Defendants may have acted with intent to defraud (as opposed to mere negligence) was revealed on April 28, 2004 - the last day of the Class Period - when Bally announced that its Chief Financial Officer resigned amid an investigation by the Securities and Exchange Commission into the Company's accounting practices. Following this corrective announcement, the price of Bally common stock fell sharply, from $5.40 on April 28, 2004, to $4.50 on April 29, 2004, a one day drop of $0.90, or 17%, on unusually heavy trading volume.

(c)      Under certain U.S. Supreme Court and other precedents, persons who purchased Bally stock may only recover for losses proximately caused by a disclosure correcting Defendants' prior misleading statements and may not recover for any price declines caused by general market factors or by disclosures of other negative information not alleged to have corrected prior misstatements. Similarly, persons who both purchased and sold stock prior to a corrective disclosure may have a more difficult burden in proving recoverable damages and may not recover.

2.      An Authorized Claimant's recognized loss ("Recognized Loss") is determined by the date(s) the Authorized Claimant purchased or sold any shares of Bally stock during the August 3, 1999 to April 28, 2004 Class Period, as set forth below.

15

(a) **Shares Purchased During the Class Period**: For shares of Bally common stock that were purchased or acquired during the Class Period, the Recognized Loss is as follows:

(i) For shares sold either at a profit or a loss during the Class Period (that is before any corrective disclosure), the Recognized Loss is zero;

(ii) For shares retained after the close of trading on April 28, 2004, the last day of the Class Period, the Recognized Loss is $0.90 per share.

(b) For purposes of determining which shares of Bally stock purchased during the Class Period either were sold at any time during the Class Period or were retained past the end of the Class Period, purchases and sales will be matched, on a "first-in, first-out" ("FIFO") basis, by matching the first shares sold against any closing position of shares held as of August 2, 1999 (the day before the Class Period began) and then on a FIFO basis against any additional shares of Bally stock purchased during the Class Period on the basis of the assumption that the first share purchased was the first share sold.

(c) The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement date."

(d) The restrictions on computing Recognized Losses set out in the three bullet points below apply to all claims. As a practical matter, however, they apply primarily to certain transactions engaged in by sophisticated traders or certain corporate or institutional claimants:

- "Short" sales will not be recognized for any amount of loss on the cover or purchase transaction, and no Recognized Loss will be computed for any such covering purchase transaction.

- No Recognized Loss will be computed for any transactions in shares of Bally stock engaged in by market makers and/or specialists.

- No Recognized Loss will be computed for any option premium paid or received where the shares of Bally stock were purchased or sold by reason of having exercised or been assigned an option.

3. An Authorized Claimant's "Payable Claim" represents a percentage of the Authorized Claimant's total Recognized Loss. This percentage is determined by dividing the Net Settlement Fund by the total Recognized Losses sustained by all Authorized Claimants. The resulting fraction, or payout percentage, is then multiplied by each Authorized Claimant's Recognized Loss to determine the amount of each claimant's Payable Claim, subject to the

16

further limitations below.

4.    In the interest of economy, no payment will be made to any Authorized Claimant whose Payable Claim would be less than $10 based on the initial allocation of the Net Settlement Fund to the Authorized Claimants.

5.    If you inherited or received a gift of Bally stock during the Class Period, that inheritance or gift is not considered a purchase unless your ancestor or donor was the actual purchaser of Bally stock during the Class Period. You, as a recipient of a gift or inheritance, and the original purchaser may not both file a claim with regard to the same shares of stock. If both you and the donor (or you and your ancestor's estate) make such a claim, only the claim filed by the recipient (or heir) will be honored.

6.    Shares "transferred into," "delivered into," or "received into" the claimant's account will not be considered a purchase unless the claimant submits documentation demonstrating that the original purchase of these shares occurred during the Class Period. Also, shares purchased and subsequently "transferred out" or "delivered out" of the claimant's account will not be considered part of the claimant's claim, as the right to file for those shares belongs to the person or party receiving the shares.

7.    Nothing in this Plan of Allocation represents an admission by Defendants that there is liability or damage of any kind as a result of the allegations in the Complaint or that the dollar amounts set forth in this Plan of Allocation reflect actual or potential damages.

8.    Payment in the manner set forth above will be deemed conclusive compliance with the Stipulation as to all Authorized Claimants. Class Members who fail to submit valid and timely Proofs of Claim will be barred from participating in the distribution of the Net Settlement Fund but otherwise will be bound by all terms of the Stipulation, including the terms of any final orders or judgments entered by the court and the releases given to Defendants and others.

9.    No Authorized Claimant will have any claim against Lead Plaintiff, Class Counsel, the Claims Administrator, or any other agent designated by Class Counsel based on distributions made substantially in accordance with the Stipulation, Plan of Allocation, or any orders of court. In addition, in the interest of achieving substantial justice, Class Counsel will have the right, but not the obligation, to waive what they deem to be technical defects in any Proofs of Claim filed.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased Bally common stock during the Class Period as nominee for a beneficial owner, then within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice and the accompanying Proof of Claim and Release form by first-class mail to all such beneficial owners; or (2) provide a list, electronically if possible, of the names and addresses of

17

such beneficial owners to the Claims Administrator:

Claims Administrator
Bally Total Fitness Securities Litigation
Heffler, Radetich & Saitta LLP
P.O. Box 58519
Philadelphia, PA 19102-8519

If you chose option (1) above, you may request enough forms from the Claims Administrator (at no charge) to complete your mailing. You may seek reimbursement of your reasonable expenses actually incurred in complying with these directives, subject to court approval. All communications concerning this matter should be addressed to the Claims Administrator.

## INQUIRIES

All inquiries concerning this Notice, the Proof of Claim and Release form, or any other questions by Class Members should be directed to the Claims Administrator listed above.

## PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE

DATED: _____, 2010          BY ORDER OF THE DISTRICT COURT



_____
The Honorable John F. Grady
United States District Judge

Malta503555

18

**EXHIBIT** A-2

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re Bally Total Fitness Securities Litigation | : | Case No. 04 C 3530 |

---

### PROOF OF CLAIM AND RELEASE

---

**DEADLINE FOR SUBMISSION: _____, 2010.**

IF YOU PURCHASED OR ACQUIRED SHARES OF BALLY TOTAL FITNESS HOLDING CORP. ("BALLY") COMMON STOCK DURING THE PERIOD OF AUGUST 3, 1999 THROUGH AND INCLUDING APRIL 28, 2004 (THE "CLASS PERIOD"), YOU ARE A "CLASS MEMBER." IF YOU CONTINUED TO HOLD ANY OF THOSE SHARES ON THE LAST DAY OF THE CLASS PERIOD, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS FROM SETTLEMENT OF THIS LITIGATION.

I.      GENERAL INSTRUCTIONS

IF YOU ARE A CLASS MEMBER, YOU MUST COMPLETE, SIGN, AND SUBMIT THIS FORM TO BE ELIGIBLE FOR SETTLEMENT BENEFITS. YOU MUST MAIL THE FORM, POSTMARKED NO LATER THAN _____, 2010, TO:

Claims Administrator
Bally Total Fitness Securities Litigation
Heffler, Radetich & Saitta L.L.P.
P.O. Box 58519
Philadelphia, PA 19102-8519

FAILURE TO SUBMIT YOUR CLAIM ON TIME WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOU FROM RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT. DO NOT SEND YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL, AS SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR NOTED ABOVE.IF YOU ARE NOT A CLASS MEMBER AS MORE FULLY DEFINED IN THE "NOTICE OF: (1) PENDENCY AND SETTLEMENT OF CLASS ACTION; (2) MOTION FOR ATTORNEYS' FEES AND EXPENSES; AND (3) COURT HEARING" (THE "SETTLEMENT NOTICE"), PLEASE DO NOT SUBMIT THIS PROOF OF CLAIM

AND RELEASE FORM.IF YOU ARE A MEMBER OF THE CLASS AND YOU DID NOT TIMELY REQUEST EXCLUSION IN CONNECTION WITH THE SETTLEMENT, YOU ARE BOUND BY THE TERMS OF ANY JUDGMENT ENTERED IN THE LITIGATION, INCLUDING THE RELEASES PROVIDED THEREIN (REPEATED BELOW), WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.II.  CLAIMANT INFORMATION

1.      If you acquired Bally common stock and held the stock certificates in your name,

you are the "beneficial owner" as well as the "owner of record."  If, however, you purchased the

stock but the stock certificates are registered in the name of a third party, such as a nominee or

brokerage firm, you are the beneficial owner and the third party is the owner of record.  This

claim must be filed by the actual beneficial owner, not the owner of record if different.

2.      All joint purchasers, if any, must sign this claim.

3.      Executors, administrators, guardians, conservators, and trustees of a beneficial owner must complete and sign this claim on behalf of persons represented by them.  Their authority must accompany this claim, and their titles or capacities must be stated.  Evidence of such authority may include, for example, letters testamentary, letters of administration, or a copy of trust documents.

4.      The Social Security (or Taxpayer Identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide this information could delay verification of your claim or result in rejection of the claim.

5.      Bally stock "transferred into," "delivered into," or "received into" the claimant's account will not be considered as purchased stock unless the claimant submits documents supporting that the original purchase of the stock occurred during the Class Period.  Also, stock purchased and subsequently "transferred out" or "delivered out" of the claimant's account will not be considered part of the claimant's claim, as the right to file belongs to the person receiving the stock.

III.    CLAIM FORM

1.      Use the form titled "Schedule of Transactions in Bally Common Stock" to supply

all required details of your transactions.  If you need more space or additional schedules, attach

separate sheets providing the required information in substantially the same form.  Sign and print

or type your name on each additional sheet.

2.      On the schedules, provide all requested information with respect to **all** of your

purchases and **all** of your sales of Bally stock which took place at any time beginning on August

3, 1999 through and including April 28, 2004, whether or not such transaction resulted in a profit

or loss.  Failure to report all transactions may result in rejection of your claim.

3.      List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction.

4.      The date of covering a "short sale" is deemed to be the date of purchase of Bally stock.  The date of a "short sale" is deemed to be the date of sale of Bally stock.  "Short" sales

will not be recognized for any amount of loss on the cover or purchase transaction, and no Recognized Loss will be computed for any such covering purchase transaction.

IV.    REPRESENTATIONS

1.    I purchased or acquired the Bally common stock from August 3, 1999 through and including April 28, 2004. (Do not submit this Proof of Claim if you did not purchase Bally common stock during this period.)

2.    By submitting this Proof of Claim, I state that I believe in good faith that I am a Class Member as defined above and more fully described in the Settlement Notice, or am acting for such person; that I am not a defendant in the action or anyone excluded from the Class; that I have read and understand the Settlement Notice; that I believe that I am entitled to receive a share of the Net Settlement Fund; that I elect to participate in the proposed settlement described in the Settlement Notice; and that I have not filed a request to be excluded from the Class and settlement.

3.    I have set forth where requested below all relevant information with respect to each purchase of Bally common stock during the Class Period, and each sale, if any, of such stock. I agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

4.    I have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, relevant portions of my tax returns, or other documents evidencing each purchase, acquisition, sale, or retention of stock listed below in support of my claim. THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM. If any such documents are not in your possession, please obtain copies or equivalent documents from your broker, tax advisor, or other third party.

5.    I understand that the information contained in this claim form is subject to such verification as the Claims Administrator may request, and I agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Payable Claim. In some cases the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives of the subject securities such as stock options.)

6.    Upon the Effective Date of the settlement as defined in the Stipulation of Settlement, my signature below will constitute a full and complete release and discharge by me (or, if I am submitting this claim on behalf of a corporation, partnership, estate, or one or more other persons, then by it, him, her or them) of each of the "Released Parties" of all "Released Claims," as defined in the Settlement Notice.

7.    NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Proof of Claim and Release form listing all their transactions, whether or not they also submit electronic copies. If you wish to submit information electronically, you must contact the Claims Administrator at 1-800-335-2852 to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re Bally Total Fitness Securities Litigation     :     Case No. 04 C 3530

## THIS FORM MUST BE POSTMARKED ON OR BEFORE _____,

**2010.** CLAIMANT INFORMATION:

Name(s) of Beneficial Owner(s): _____ Name

_____ Joint Owner's Name (if any)

If you are a bank or other institution filing on behalf of a third-party, and an account number is needed to identify the claimant, indicate account number here:

_____

Address of Beneficial Owner(s): _____
     Street

     City      State or Province      Zip or Postal Code      Country

(   ) _____    (   ) _____ Telephone No. (Day)
Telephone No. (Night)                    Email Address

_____ Taxpayer I.D. No. or Social Security No.

_____ Record Owner's Name (if different from Beneficial Owner listed above) Check one: _____ Individual _____ Corporation _____ Joint Owners _____ IRA _____ Estate _____ Other

_____
(Specify)

## SCHEDULE OF TRANSACTIONS IN BALLY COMMON STOCK

1.    At the close of business on August 2, 1999 (the day before the Class Period began), I owned _____ shares of Bally common stock (Must Be Documented).2.

I made the following purchases or acquisitions (Must Be Documented) of Bally common stock during the period August 3, 1999 through and including April 28, 2004:

| Date(s) of Purchase(List Chronologically)(Month/Day/Year) | Number of Shares ofCommon StockPurchased | Purchase Price PerShare | Aggregate Cost(including commissions, taxes, and fees) |
|---|---|---|---|
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | S_____ |
| ___/___/_____ | _____ | $_____ | $_____ |

Total Shares Purchased: _____

3.    I made the following sales (Must Be Documented) of Bally common stock during the period August 3, 1999 through and including April 28, 2004:

| Date(s) of Sale(List Chronologically)(Month/Day/Year) | Number of Shares ofCommon Stock Sold | Sale Price Per Share | Amount Received(net of commissions, taxes, and fees) |
|---|---|---|---|
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |

Total Shares Sold: _____

4.    At the close of business on April 28, 2004 (the last day of the Class Period), I still owned _____ shares of Bally common stock (Must Be Documented). NOTE: If this number is zero, you have no Recognized Loss under the Plan of Allocation and will not receive a payment. You therefore may wish to consider not filing a claim. You will, however, still be subject to the terms of the settlement, including the release of all Released Claims.

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, PLEASE PHOTOCOPY THIS PAGE. SIGN AND PRINT YOUR NAME ON EACH ADDITIONAL

PAGE.

5.   Substitute Form W-9Request for Taxpayer Identification Number:Enter Taxpayer Identification number below for the beneficial owner(s). For most individuals, this is your Social Security Number. The Internal Revenue Service ("I.R.S.") requires such Taxpayer Identification number. If you fail to provide this information, your claim may be rejected.

_____Social   Security   Number   (for   individuals)
or_____Taxpayer Identification Number

(for estates, trusts, corporations, etc.)

6.   SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGEMENT.

I submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Settlement Notice. I also submit to the jurisdiction of the U.S. District Court for the Northern District of Illinois, with respect to my claim as a Class Member and for purposes of enforcing the Release set forth herein. I further acknowledge that I am bound by and subject to the terms of any judgment that may be entered in the litigation. I agree to furnish additional information to the Claims Administrator or Class Counsel to support this claim (including transactions in other Bally securities such as stock options) if requested to do so. I have not submitted any other claim covering the same purchases, acquisitions, or sales of Bally common stock during the Class Period, and I know of no other person having done so on my behalf.7.

CertificationUNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL INFORMATION PROVIDED ON THIS FORM IS TRUE, CORRECT, AND COMPLETE.I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding, or (b) I (we) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.  NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding above.I (we) hereby acknowledge full

and complete satisfaction of, and do hereby fully and finally settle, release, and discharge all "Released Claims" against the "Released Parties" as defined in the Settlement Notice.I acknowledge and understand that the Released Claims as defined in the Settlement Notice include unknown claims -- meaning all Released Claims which Lead Plaintiff or Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties, which, if known by him, her, or it might have affected his, her, or its decision with respect to the settlement. With respect to any and all Released Claims, the parties stipulate and agree that upon the Effective Date of the settlement, as defined in the Stipulation, Plaintiff and Defendants shall expressly, and each Class Member shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiff and Defendants acknowledge, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "unknown claims" in the definition of Released Claims was separately bargained for and was a material element of the Settlement.

Signature of Claimant (if this claim is being made on behalf of joint claimants, then each must sign)_____(Signature)_____(Signature)____
_____Capacity of Person(s) signing, *e.g.*, Beneficial Owner, Executor, or AdministratorDate: _____

THIS FORM MUST BE POSTMARKED NO LATER THAN _____, 2010 AND MAILED TO:

Claims Administrator
Bally Total Fitness Securities Litigation
Heffler, Radetich & Saitta L.L.P.
P.O. Box 58519
Philadelphia, PA 19102-8519

A Proof of Claim and Release received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark is indicated on the envelope. In all other cases, a claim shall be deemed to have been submitted when actually received by the Claims Administrator.If you wish to be assured that your claim is actually received by the Claims Administrator, you should send it by Certified Mail, Return Receipt Requested. Otherwise, no acknowledgment will be made as to the receipt of claim forms. Do not send original stock certificates. Keep a copy of your claim form for your records. You should be aware that it will take a significant amount of time to process all claims by claimants and to administer the settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each claim. Please notify the Claims Administrator of any change of address.

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above form.

2. Remember to attach copies of supporting documentation.

3. Do not send originals or copies of stock certificates.

4. Keep a copy of your Proof of Claim and Release form for your records.

5. If you desire an acknowledgment of receipt of your claim form, please send it via Certified Mail, Return Receipt Requested.

6. If you move after submitting your claim, please send your new address to the Claims Administrator.

**UNLESS YOU EXCLUDE YOURSELF FROM THE CLASS, YOU ARE
AGREEING TO A RELEASE OF CLAIMS.**

## EXHIBIT A-3

### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re Bally Total Fitness Securities Litigation | : | Case No. 04 C 3530 |

### SUMMARY NOTICE OF: (1) PENDENCY AND SETTLEMENT OF CLASS ACTION; (2) MOTION FOR ATTORNEYS' FEES AND EXPENSES; AND (3) COURT HEARING

**Notice to all Persons Who Acquired Bally Total Fitness Holding Corp. (NYSE: BFT) Common Stock Between August 3, 1999 and April 28, 2004 (the Class Period):**

YOU ARE HEREBY NOTIFIED that a hearing will be held before the Honorable John F. Grady on _____, 2010 at ____ a.m./p.m. in Courtroom 2201 of the U.S. District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, IL 60604, for the purpose of determining whether: (a) the proposed settlement of the claims in the above-captioned litigation for the sum of $2 million should be approved by the court as fair, reasonable, and adequate; (b) thereafter, this litigation should be dismissed with prejudice as set forth in the Stipulation of Settlement dated June 29, 2010; (c) the Plan of Allocation of the Net Settlement Fund is fair, reasonable, and adequate and should be approved; and (d) the application by Plaintiffs' Counsel for an award of attorneys' fees for their time devoted to this litigation and for reimbursement of expenses should be approved.

If you are a Class Member, your rights may be affected by the settlement of this litigation. This notice is only a summary. If you have not yet received the more lengthy "Notice

of: (1) Pendency and Proposed Settlement of Class Action; (2) Motion for Attorneys' Fees and Expenses; and (3) Court Hearing" (the "Settlement Notice") which describes in detail the terms of the proposed settlement and your rights thereunder, and a Proof of Claim and Release form, you may obtain copies of those documents by visiting www.bally.hrsclaims.com, calling the Claims Administrator at 1-800-335-2852, or writing to:

> Claims Administrator
> Bally Total Fitness Securities Litigation
> Heffler, Radetich & Saitta, L.L.P.
> P.O. Box 58519
> Philadelphia, PA 19102-8519

Inquiries other than requests for the above-referenced documents may also be made to Plaintiff's Lead Counsel:

> Sherrie R. Savett, Esq.
> Berger & Montague, P.C.
> 1622 Locust Street
> Philadelphia, PA 19103
> Tel: (215) 875-3000

If you are a Class Member and would like to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release form no later than _____, 2010, establishing that you are entitled to recovery. You will be bound by any judgment rendered in the litigation, whether or not you file a claim. If you are a Class Member and would like to object to any part of the settlement or the application by Plaintiff's Counsel for an award of attorneys' fees and reimbursement of expenses, you must send a letter stating your objection by _____, 2010 in the manner and form explained in the detailed Settlement Notice referenced above. If you wish to be excluded from the Class (*i.e.*, opt out), you must file a request for exclusion by _____, 2010 in the manner and form explained in the

detailed Settlement Notice referenced above. All Class Members who have not requested

exclusion from the Class will be bound by any judgment entered in the litigation and the Release

set forth in the Settlement Notice and the Proof of Claim and Release.

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE FOR INFORMATION.
PLEASE CONTACT THE CLAIMS ADMINISTRATOR INSTEAD, AS NOTED ABOVE.

DATED: _____, 2010          BY ORDER OF THE DISTRICT COURT


                                    _____
                                    The Honorable John F. Grady
                                    United States District Judge

Malta503556

3

## EXHIBIT A-4

You have been identified as a potential class member in a purported securities fraud class action against Bally Total Fitness Holding Corp. ("Bally") and other persons and/or entities. You may be eligible to receive a payment from a \$2 million class action settlement in *In re Bally Total Fitness Securities Litig.*, U.S. Dist. Court, N.D. Ill., No. 04-C-3530. The case involves alleged misstatements in Bally's financial statements. You must submit a Proof of Claim form to share in the settlement proceeds. Additional information is contained in a detailed settlement notice ("Settlement Notice"). The Proof of Claim form and Settlement Notice are available by visiting www.bally.hrsclaims.com or calling or writing the Claims Administrator noted below.

**Class Definition:** You are a class member if you purchased or otherwise acquired the common stock of Bally between August 3, 1999 and April 28, 2004 (the "Class Period"). However, to be eligible to share in the settlement proceeds, a class member must have both acquired Bally stock during the Class Period and also continued to hold any of those shares on the last day of the Class Period. If you held no shares on April 28, 2004, please do not file a claim.

**Settlement Amount:** \$2 million. This represents an estimated average recovery of 6.5¢ per share based on the estimated number of damaged shares acquired during the class period and still retained by class members on the last day of the class period.

**Reasons for Settlement:** The parties wish to avoid the costs and risks of continued litigation, and resolve an appeal regarding the district court's dismissal with prejudice of the lawsuit.

**Disagreement on Amount of Damages:** The parties do not agree on the average amount of damages per share that would be recoverable if Plaintiffs prevailed. The primary issues on which the parties disagree include: (1) whether Defendants are liable under the securities laws; and (2) the method for determining whether and to what extent Bally shares were damaged.

**Attorneys' Fees and Expenses:** Attorneys for the class will ask the court for attorneys' fees of 25% of the settlement fund, plus reimbursement of out-of-pocket costs (excluding notice and claims administration costs, which will be deducted separately from the settlement fund) in an amount not to exceed \$125,000. These amounts will reduce the per share recovery by an estimated 2.0¢ per damaged share. Attorneys' fees and costs will be paid out of the settlement fund as expenses for investigating the facts, litigating the case, and negotiating the settlement. In addition, expenses associated with notice and administration of the Settlement will be incurred in an amount not to exceed \$75,000.

**Your Options:** You can file a claim, object to the settlement (with or without appearing at the final approval hearing and with or without hiring your own attorney), exclude yourself from the class, or do nothing. Unless you exclude yourself from the class, you will be bound by the settlement and you will release any claims you may have against the released parties. More information is contained in the Settlement Notice.

**Deadlines:** To file a claim: _____, 2010; to object to the settlement: _____, 2010; to request exclusion from the class: _____, 2010; the Court's hearing on final approval of the settlement: _____, 2010.

**Plaintiffs' Counsel's Representative:** The Claims Administrator, Heffler, Radetich & Saitta, L.L.P, is available to answer questions concerning the settlement or any matter contained in the Settlement Notice. You may contact the Claims Administrator by calling 800-335-2852 or writing to: "Claims Administrator, Bally Total Fitness Securities Litig., Heffler, Radetich & Saitta, L.L.P., P.O. Box 58519, Philadelphia, PA 19102-8519."

Malta513207