*MHN*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

---

In re Bally Total Fitness Securities Litigation      :           Case No. 04 C 3530

                                     :

---

### FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for final hearing pursuant to the Order Preliminarily Approving Settlement and Form and Manner of Notice dated August 23, 2010 (the "Notice Order"), on the application of the parties for approval of the settlement (the "Settlement") set forth in the Stipulation of Settlement dated June 29, 2010 (the "Stipulation").

Due and adequate notice having been published and transmitted to those persons or entities who could reasonably be identified as having purchased or otherwise acquired Bally Total Fitness Holding Corp. ("Bally") common stock during the period from August 3, 1999 through and including April 28, 2004 (the "Class Period"), except for those persons or entities excluded from the definition of the Class; and all such persons having any objection to the proposed Settlement or Plan of Allocation described in the "Notice of: (1) Pendency and Settlement of Class Action; (2) Motion for Attorneys' Fees and Expenses; and (3) Court Hearing" (the "Settlement Notice") having been given an opportunity to present such objections to the Court; and the Court having heard all parties and having considered all papers filed in connection therewith, and otherwise being fully informed, and for good cause appearing herein, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

    1.      This case is dismissed with prejudice, with each party to bear its own costs.

2.      This Final Judgment and Order of Dismissal With Prejudice ("Final Judgment") incorporates by reference the definitions in the Stipulation. All capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

3.      This Court has jurisdiction over the class action settlement approval proceedings, and over all parties to the Litigation, including the Lead Plaintiff, all Settlement Class Members, and the Defendants. *See* July 23, 2010 Order of the United States Court of Appeals for the Seventh Circuit, Case No. 07-1646. Without in any way affecting the finality of this Final Judgment, this Court hereby retains jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; and (b) all Parties for the purpose of construing, enforcing, and administering the Stipulation.

4.      This Court hereby certifies this Litigation as a class action for settlement purposes only, on behalf of all persons or entities that purchased or otherwise acquired the common stock of Bally Total Fitness Holdings Corp. between August 3, 1999 and April 28, 2004, inclusive, as set forth in the Stipulation. Excluded from the Settlement Class are Defendants, Bally, and the officers and directors of Bally during the Class Period, members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants or Bally have or had a controlling interest. Also excluded from the Settlement Class is the following person who submitted a valid and timely request for exclusion from the Settlement Class: Anne Pivano.

5.      With respect to the Settlement Class, for purposes of this Settlement only, the Court finds that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common

2

to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

6.    The Court finds that adequate notice to Class Members was given in accordance with the Notice Order and was disseminated to Settlement Class Members who could be identified through reasonable effort. The Court also finds that the notice procedures provided the best notice practicable under the circumstances to all Settlement Class Members entitled to such notice. The notice procedures satisfied the requirements of Fed. R. Civ. P. 23, the Securities Exchange Act of 1934 at 15 U.S.C. § 78u-4(a)(7), the requirements of due process under the U.S. Constitution, and any other applicable law.

7.    The Court finds that the Stipulation and Settlement are in all respects "fair, reasonable, and adequate" under Fed. R. Civ. P. 23(e)(2), meet the requirements of due process, and are in the best interests of the Class. The Court approves the Stipulation and Settlement in all respects, and orders the Parties and Claims Administrator to complete the terms and provisions of the Settlement.

8. The Court further finds that the Stipulation and Settlement have been entered into and made in good faith, and that the Lead Plaintiff and Lead Counsel have fairly and adequately represented the interests of Settlement Class Members in connection with the Litigation and Settlement.

9. Except as to any individual claim of those Persons identified in paragraph 4 above who have validly and timely requested exclusion from the Settlement Class, this Court hereby dismisses the Litigation against Defendants and the Released Parties, with prejudice and without costs (except as provided in the Stipulation), to be binding on Lead Plaintiff and all Settlement Class Members.

10. Upon the Effective Date of the Settlement, every Settlement Class Member who has not validly requested exclusion, whether or not such Settlement Class Member has filed a Proof of Claim, is and will be deemed to have released all Released Claims against the Released Parties. Lead Plaintiff and all other Settlement Class Members who have not excluded themselves from the Settlement Class shall further, as of the Effective Date, be deemed to have waived the rights afforded by California Civil Code § 1542 (regarding waiver of Unknown Claims) and any similar statute or law, or principle of common law of California or any other jurisdiction.

11. Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of the Final Judgment shall have, fully released, relinquished, and discharged the Lead Plaintiff, Lead Counsel, and Settlement Class Members and their counsel from all claims (including Unknown Claims) arising out of or relating to the institution, prosecution, or settlement of the Litigation or Released Claims.

12.     Those persons identified in paragraph 4 shall be excluded from the Settlement

Class and from any benefits under the Settlement.  Those persons: (a) shall not pursue any claims

or remedies on behalf of those who are bound by this Final Judgment against Defendants or the

Released Parties, or in connection with the Released Claims, and (b) shall not commence,

maintain, or participate in any class, derivative, or representative action relating in any way to

the Released Claims.

13.     Neither the Settlement, this Final Judgment, the fact of settlement, nor any of the

documents or statements referred to therein shall be: (a) construed as a concession or admission

by Defendants or the Released Parties with respect to any of the Released Claims or be deemed

evidence of any violation of any statute or law or of any liability, fault, or wrongdoing with

respect to the Released Claims; (b) offered or received against Defendants or the Released

Parties as an admission or concession that recovery could be had in any amount should the

Litigation not be settled; (c) construed as a concession or admission by Lead Plaintiff or any

Settlement Class Member that their claims lack merit or that the defenses asserted by Defendants

have merit; (d) offered or received in evidence in any civil, criminal, or administrative action,

arbitration, or other proceeding other than such proceedings as may be necessary to consummate

or enforce the Settlement; provided, however, that Defendants may file the Stipulation, Final

Judgment, and/or any releases executed in connection therewith in any action that may be

brought against any of them in order to support a defense or counterclaim based on principles of

res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any

other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14.     The Court finds that all Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

15.     If the Effective Date of the Settlement fails to occur, then this Final Judgment shall be rendered null and void to the extent provided by the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection with the Settlement shall be null and void.

16.     The provisions of this Final Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay. The Court directs, pursuant to Fed. R. Civ. P. 54(b), this Judgment to be entered as a final judgment with respect to all matters decreed.

17.     Entry of final judgment and final approval of the Settlement settles all claims that have been asserted or could have been asserted in this Litigation between the Lead Plaintiff and Settlement Class, on the one hand, and the Released Parties on the other hand. Every Settlement Class Member who has not validly requested exclusion, whether or not such Settlement Class Member has filed a Proof of Claim, shall be forever barred from commencing, instituting, or prosecuting the Released Claims or any action or other proceeding against any of the Released Parties with respect to the Released Claims.

18.     All future claims for contribution arising out of the Litigation by: (i) any person against any of the Released Parties and, (ii) any Released Party against any person, other than a person whose liability has been extinguished by the Settlement of the Released Claims, are permanently barred to the fullest extent permitted by 15 U.S.C. § 78u-(f)(7)(A) and any other applicable law or regulation.

19. The following applies to any claims for contribution or indemnification among the parties:

(a) In accordance with 15 U.S.C. §78u-4(f)(7)(A), any and all claims for contribution arising out of any Released Claim, including, but not limited to, any claims that are based upon, arise out of or relate to the class action and/or any matters that were alleged or could have been alleged in the Amended Complaint (i) by any Person against E&Y, and (ii) by E&Y against any Person other than as set out in 15 U.S.C. §78u-4(f)(7)(A)(ii) are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable. Accordingly, without limitation to any of the above, the Non-E&Y Defendants are hereby permanently enjoined from commencing, prosecuting, or asserting against E&Y any such claim for contribution, and E&Y is hereby permanently enjoined from commencing, prosecuting, or asserting any such claim for contribution against the Non-E&Y Defendants.

(b) The Court finds that the Stipulation represents a good faith settlement of all Released Claims of all Settlement Class Members sufficient to discharge E&Y of all Released Claims of all Settlement Class Members. In order to effectuate such settlement, the Court hereby enters the following bar:

(i) The Non-E&Y Defendants are permanently barred, enjoined, and restrained from commencing, prosecuting or asserting any claim against E&Y, however styled, whether legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, whether arising under state, federal, or common law, whether for indemnification or contribution or otherwise denominated, where such claim is based upon, arises out of, or relates to the Litigation, including without

limitation, any claim in which any Non-E&Y Defendant has paid, or has become liable (whether in cash or any other form of consideration) in the Litigation, or any action in which one or more Settlement Class Members who validly and timely excluded themselves from the Settlement Class seek recovery on account of any matters that were alleged or that could have been alleged in the Litigation (the "Opt-out Actions"), and/or any costs, expenses, or attorneys' fees that any Non-E&Y Defendant has incurred or may incur in defending any claim in the Litigation or the Opt-out Actions. All claims are hereby extinguished, satisfied and unenforceable (hereinafter "Barred Claims");

(ii)     E&Y is permanently barred, enjoined, and restrained from commencing, prosecuting or asserting any claim against any Non-E&Y Defendant, however styled, whether legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, whether arising under state, federal, or common law, whether for indemnification or contribution or otherwise denominated, where such claim is based upon, arises out of, or relates to the Litigation, including without limitation, any claim in which E&Y has paid, or has become liable (whether in cash or any other form of consideration) in the Litigation, or any Opt-out Actions, and/or any costs, expenses, or attorneys' fees that E&Y has incurred or may incur in defending any claim in the Litigation or the Opt-out Actions. All claims are hereby extinguished, satisfied and unenforceable.

20.     Judgment under Fed. R. Civ. P. 54(b) will not result in unnecessary appellate review, nor will review of the adjudicated claims moot any further developments in the Litigation. Even if appeals are subsequently filed, the nature of these claims are such that the

appellate court would not have to decide the same issue more than once. The reservation of jurisdiction by this Court pursuant to Paragraph 22 shall not affect in any way the finality of this Final Judgment.

21.     The Court finds that no just reason exists for delay in entering the Final Judgment. Accordingly, the Clerk of Court is directed to enter this Final Judgment.

22.     Without in any way affecting the finality of the Final Judgment, this Court shall retain continuing jurisdiction over the Litigation and the parties to the Settlement to enter any future orders as may be necessary for the purposes of effectuating the Settlement and enforcing the Final Judgment.

23.     The Plan of Allocation is approved as fair and reasonable. Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

24.     The Court grants the relief requested in Lead Counsel's Unopposed Motion for Award of Attorneys' Fees and Reimbursement of Expenses. The Court approves: (i) attorneys' fees of $481,306.17, plus a proportionate share of interest earned thereon since the Settlement Fund was funded in September 2010; (ii) reimbursement of expenses of $74,775.33, plus a proportionate share of interest earned thereon since the Settlement Fund was funded in September 2010; and (iii) a Lead Plaintiff reimbursement award of $2,500.

25.     Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

IT IS SO ORDERED.

DATED: _December 1_, 2010

9

BY THE COURT:

JOHN F. GRADY
United States District Judge

12/1/2010